UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

JAMEEL COLLINS,

               Plaintiff,        1:16-cv-00761-MAT
    -v-                              **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

               Defendant.
_____

## INTRODUCTION

Jameel Collins ("Plaintiff"), represented by counsel, brings this action under Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") denying his application for Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

## PROCEDURAL BACKGROUND

On June 5, 2006, Plaintiff protectively filed an application for SSI, alleging disability as of January 1, 2006, due to acquired immune deficiency syndrome ("AIDS") and blindness in the left eye. Administrative Transcript ("T.") 120-21. The claim was initially denied on October 20, 2006. T. 70-73. At Plaintiff's request, a hearing was conducted on October 2, 2008, in Buffalo, New York by

administrative law judge ("ALJ") William R. Pietz, with Plaintiff appearing *pro se*. A vocational expert ("VE") also testified. T. 591-96. Plaintiff then obtained representation, and a second hearing was held on December 15, 2008, in Buffalo, New York. T. 262-89. Plaintiff appeared with his attorney, and a VE also testified. *Id*.

The ALJ issued an unfavorable decision on January 6, 2009. T. 6-15. The Appeals Council denied Plaintiff's request for review. T. 2-4. Plaintiff then instituted a civil action in this Court, and on June 29, 2012, adopting a Report and Recommendation dated May 11, 2012, this Court remanded the claim for further administrative proceedings. *See Collins v. Astrue*, No. 10-CV-718-A, 2012 WL 2573261 (W.D.N.Y. June 29, 2012).

On remand, the Appeals Council vacated the ALJ's decision and remanded the matter for further consideration and development. T. 366-68. On September 5, 2014, Plaintiff appeared at a hearing before ALJ William Weir. T. 567-90. Following the hearing, ALJ Weir requested additional medical evidence from Plaintiff's doctors. T. 588-89. On April 20, 2015, ALJ Weir held a supplemental hearing. T. 559-66. Plaintiff appeared in person, with his attorney appearing via telephone. A VE also testified. *Id*. On September 24, 2015, ALJ Weir issued an unfavorable decision. T. 304-21. Plaintiff again appealed the decision to the AC, which denied Plaintiff's request for review on July 25, 2016, making ALJ Weir's decision the

final decision of the Commissioner. T. 293-96. This action followed.

## THE ALJ'S DECISION

ALJ Weir applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 416.920(g).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 5, 2006, the original application date. T. 310.

At step two, ALJ Weir determined that Plaintiff had the following "severe" impairments: left eye blindness and an adjustment disorder with depressed mood. *Id*. ALJ Weir also noted Plaintiff's human immunodeficiency virus ("HIV") infection diagnosis; however, he noted the medical record failed to establish that Plaintiff had AIDS, as alleged in the original application, or that his HIV infection had resulted in any significant work-related functions. *Id*. Specifically, ALJ Weir noted multiple examples in the medical record prior to the first decision where Plaintiff's viral load was undetectable and his CD4 cell counts were high. *Id*. ALJ Weir further noted that medical evidence subsequent to the first decision continued to show Plaintiff's HIV infection was generally asymptomatic, although his noncompliance with treatment was at times associated with a drop in his CD4 count and a detectable viral load. T. 311. Moreover, ALJ Weir referenced several medical visits between March 2013 and June 2014 where

3

Plaintiff offered no complaints related to his HIV infection, notably denying diarrhea and gastrointestinal issues. *Id*. Accordingly, ALJ Weir found Plaintiff's HIV infection to be a non-severe impairment. T. 312.

ALJ Weir also determined Plaintiff's reported history of emphysema presented no more than minor symptoms and the medical evidence failed to show any work-related functional limitations. Accordingly, ALJ Weir found Plaintiff's emphysema to be non-severe. T. 312.

At step three, ALJ Weir found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 312.

Before proceeding to step four, ALJ Weir found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §416.967(c), with the following limitations: can have no more than occasional contact with co-workers, supervisors or the public; cannot perform work above the level of a specific vocational profile ("SVP") of 2; and cannot perceive depth due to monocular vision. T. 314.

At step four, ALJ Weir concluded that Plaintiff had no past relevant work. T. 319. At step five, ALJ Weir relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are unskilled jobs existing in the national economy Plaintiff is able to perform, including the representative occupations of laundry laborer and

4

industrial cleaner. T. 320. ALJ Weir accordingly found that Plaintiff was not disabled as defined in the Act. *Id.*

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand of this matter is warranted for the following reasons: (1) ALJ Weir's step two finding that Plaintiff's HIV infection is a non-severe impairment is not supported by substantial evidence; and (2) ALJ Weir's credibility analysis is not supported by substantial evidence. For the reasons discussed below, the Court finds Plaintiff's arguments without merit and affirms the Commissioner's final determination.

**I. ALJ Weir's Step Two Finding is Supported by Substantial Evidence**

Plaintiff first argues that ALJ Weir erred when he failed to find Plaintiff's medically determinable impairment of HIV infection to be a severe impairment. Specifically, Plaintiff argues ALJ Weir failed to properly address Plaintiff's associated chronic fatigue and diarrhea. For the reasons set forth below, the Court disagrees.

Plaintiff reports he was diagnosed with HIV in 1991. T. 206. The medical record indicates Plaintiff has been treating with Erie County Medical Center ("ECMC") for his HIV infection since at least 2005. *See* T. 261. Throughout his treatment, Plaintiff has maintained generally stable CD4 cell counts and an undetectable viral load. *See e.g.* T. 150, 151, 217, 219, 220, 235, 236, 240.

On August 29, 2006, Plaintiff reported to consultative examiner Dr. Christine Holland that he had no HIV symptoms other than some fatigue and had not had any opportunistic infections. T. 206. Dr. Holland opined Plaintiff had no limitations other than the usual ones associated with being HIV positive. T. 209.

Medical evidence indicates Plaintiff has experienced some intermittent rashes, as well as a Hepatitis A infection. *See* T. 217-18, 152-53, 133-134. The medical record also includes some sporadic references to gastrointestinal complaints. Specifically, on January 23, 2006, Plaintiff was treated at ECMC for complaints of gas and constipation. T. 220. On June 7, 2007, Plaintiff complained of neck and back pain but was otherwise doing "OK" and affirmed he had no diarrhea. T. 153. On April 25, 2008, Plaintiff requested antidiarreal medication. T. 145.

Since the first disability decision was rendered, Plaintiff has continued to maintain generally high CD4 counts and an undetectable viral load. *See* T. 495, 500, 502, 504. On the whole, the medical record indicates Plaintiff generally has had no complaints related to his HIV infection and has repeatedly affirmed he has no gastrointestinal symptoms. *See e.g.* T. 473, 479, 483. Moreover, on March 13, 2014, Plaintiff reported to Dr. Jaspreet Dhillon that he was able to do activities of daily living without any effort, although he was experiencing disturbed sleep due to all of his responsibilities. T. 469.

At the September 5, 2014 hearing, Plaintiff testified he experiences diarrhea four or five times per day, on average. T. 577. He further testified that he soils himself approximately once per day due to an inability to make it to the bathroom on time. *Id*. Plaintiff testified that his doctors have advised him that his medications must be causing his diarrhea, though his body should have adjusted to the medications at this point. T. 581.

Plaintiff has been prescribed anti-diarrheal medication in the past, but testified that it does not work and hurts his stomach. T. 578, 595. Plaintiff also testified that he had no complications with his bowels prior to receiving treatment for his HIV infection. T. 587.

In his decision, ALJ Weir noted that Plaintiff's testimony of daily bouts of diarrhea is directly contradicted by the objective medical evidence. T. 311. Specifically, ALJ Weir noted that examinations of Plaintiff's abdomen were normal and Plaintiff reported normal bowel habits. T. 311 *referring to* T. 145-46, 151, 153, 471, 473, 479, 483, 490-98, 521, 540, 553. ALJ Weir further noted that in March 2014, Plaintiff denied any fatigue and reported he "is able to do activities of daily living without any effort." T. 311 *referring to* T. 469.

The Court finds no error in ALJ Weir's consideration of Plaintiff's HIV infection. At step two of the sequential disability assessment, the claimant bears the burden of demonstrating that an alleged medical impairment significantly limits his or her ability to engage in basic work-related functions. If the impairment does not significantly limit his or her ability to engage in basic work-related functions, that impairment is determined to be non-severe. *See* 20 C.F.R. §404.1522(a). To be considered severe, an impairment or combination of impairments must cause "more than minimal limitations in [a claimant's] ability to perform work-related functions." *Donahue v. Colvin*, No. 6:17-CV-06838(MAT), 2018 WL

2354986, at *5 (W.D.N.Y. May 24, 2018); *Greener-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).

The Court agrees with the Commissioner that ALJ Weir appropriately found that Plaintiff failed to demonstrate that his HIV infection has more than a minimal affect on his ability to engage in basic work-related activities during the relevant period. Specifically, the medical evidence of record, which spans from 2005 through 2014, demonstrates that Plaintiff's HIV infection was well-controlled and he is generally asymptomatic, with good CD4 levels and an undetectable viral load the majority of the time.

Moreover, ALJ Weir's finding that the medical record does not support Plaintiff's testimony that he suffers from chronic daily diarrhea as a result of his HIV treatment is well-supported. As noted above, a review of the medical evidence demonstrates very few references to gastrointestinal concerns. To the contrary, the majority of Plaintiff's medical visits indicate Plaintiff had no bowel concerns or complaints. *See e.g.*, T. 155, 157, 471, 473, 483, 490-500. Moreover, Plaintiff reported to consultative examiner Dr. Holland in 2006 that he had no HIV symptoms other than some fatigue (T. 206), and more recently, in 2014, he reported to Dr. Dhillon that he was able to do activities of daily living without any effort, although he was experiencing disturbed sleep due to all of his responsibilities (T. 469). Accordingly, the Court finds that the record supports ALJ Weir's step two finding that Plaintiff's HIV infection was non-severe.

To the extent that Plaintiff argues ALJ Weir failed to comply with the September 4, 2013 remand order directing further development of the record regarding Plaintiff's limitations relating to his HIV infection, the Court finds this argument lacks merit. At the September 5, 2014 hearing, ALJ Weir offered Plaintiff the opportunity to submit letters from treating sources (*see* T. 588-89; 458); however, no such letters were submitted, and on or about February 2, 2015, Plaintiff's representative advised ALJ Weir that the record was ready to be closed (*see* T. 459).

Plaintiff also makes a cursory argument that ALJ Weir should have ordered an updated consultative examination; however, the Court finds ALJ Weir was under no such obligation to do so. It is well-established that an ALJ has the discretion on a case-by-case basis to determine whether or not a consultative examination is needed and is only required to order such an examination where it would be necessary to resolve an inconsistency in the record. 20 C.F.R. § 416.919(a); *see also Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 32 (2d Cir. 2013) (an ALJ is not required to order a consultative examination if the facts do not warrant or suggest the need for it); *Simon v. Colvin*, No. 6:12-CV-6381 MAT, 2013 WL 4094612, at *6-7 (W.D.N.Y. Aug. 13, 2013) (finding no consultative examination was needed where substantial evidence in the record supported the ALJ's conclusion).

ALJ Weir had before him nearly ten years of Plaintiff's medical records, as well as Plaintiff's testimony from four hearings. As noted above, it was Plaintiff's burden to supply

10

evidence to support the finding his HIV infection was severe. The Court finds ALJ Weir acted properly and within his discretion by choosing to hold the record open, giving Plaintiff the opportunity to provide letters from his doctors supporting his allegation that his HIV infection limited his ability to perform basic work functions, and further determining that an updated consultative examination was unnecessary.

In any event, even assuming *arguendo* that ALJ Weir erred at step two by finding Plaintiff's HIV infection was non-severe, the Court finds that error would be harmless because ALJ Weir continued the sequential analysis. "Courts have developed a specialized variant of harmless-error analysis with respect to Step 2 severity errors in social security proceedings.... [W]hen an administrative law judge identifies some severe impairments at Step 2, and then proceeds through [the] sequential evaluation on the basis of [the] combined effects of all impairments, including those erroneously found to be non severe, an error in failing to identify all severe impairments at Step 2 is harmless." *Snyder v. Colvin*, No. 5:13-CV-585 GLS/ESH, 2014 WL 3107962, at *5 (N.D.N.Y. July 8, 2014); *see also Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (step two error was harmless where all of the claimant's conditions "were considered during the subsequent steps"). "Specifically, when functional effects of impairments erroneously determined to be non-severe at Step 2 are, nonetheless, fully considered and factored into subsequent residual functional

11

capacity assessments, a reviewing court can confidently conclude that the same result would have been reached absent the error." *Snyder*, 2014 WL 3107962 at *5.

ALJ Weir continued the sequential analysis past step two and included a discussion of Plaintiff's alleged difficulty with diarrhea and fatigue in his RFC assessment, demonstrating he fully considered and factored in all of the limitations Plaintiff alleged are associated with his HIV infection. *See* T. 315; 318. In addition to failing to meet his burden of demonstrating his HIV infection significantly limits his ability to engage in basic work-related activities, as required by 20 C.F.R. §404.1522(a), Plaintiff has also failed to demonstrate that ALJ Weir's omission of HIV infection as a severe impairment at step two had any meaningful impact on the remainder of his analysis, or that explicitly finding Plaintiff's HIV infection severe at step two would have resulted in a different outcome. *See Poles v. Berryhill*, No. 17cv6189(MAT), 2018 WL 1471884, at *3 (W.D.N.Y. Mar. 26, 2018) (any error at step two was harmless and did not necessitate remand where plaintiff failed to demonstrate the ALJ's omission of her impairments had any meaningful impact on the remainder of the ALJ's analysis).

For all the foregoing reasons, the Court finds ALJ Weir's determination that Plaintiff's HIV infection was not a severe impairment is appropriate and does not necessitate remand.

## II. The ALJ's Credibility Finding was Proper

Plaintiff's second and final argument is that ALJ Weir failed to support his credibility finding with any valid or legitimate reasons. For the reasons set forth below, the Court finds Plaintiff's argument lacks merit.

"Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence." *Hargrave v. Colvin*, No. 12-CV-6308 (MAT), 2014 WL 3572427, at *5 (W.D.N.Y. July 21, 2014) (internal quotation omitted). Furthermore, an ALJ "is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

Plaintiff argues that ALJ Weir improperly discredited Plaintiff's testimony in part because the medical evidence does not support Plaintiff's allegations of uncontrolled diarrhea. This argument is wholly at odds with the well-established rule in this Circuit that the ALJ has the discretion to weigh a claimant's credibility in light of other evidence - or lack of evidence - in the record. *See Genier*, 606 F.3d at 49. Furthermore, as set forth in detail above, the Court has concluded that ALJ Weir correctly

found Plaintiff's HIV infection was non-severe, based on a lack of objective evidence.

Plaintiff further argues ALJ Weir improperly discredited his complaints based on his daily activities. However, Plaintiff fails to make any specific contentions, noting simply that ALJ Weir "failed to consider that daily activities are not in any way inconsistent with [Plaintiff's] assertion that he cannot perform sustained work activies..." (Docket No. 8, pg. 12). For the reasons discussed below, the Court finds this argument lacks merit.

When making a credibility determination, "[a]n ALJ is entitled to take a plaintiff's activities of daily living into account[.]" *Pennock v. Comm'r of Soc. Sec.*, 7:14-CV-1524 (GTS/WBC), 2016 WL 1128126, at *5 (N.D.N.Y. Feb. 23, 2016), *report and recommendation adopted*, 2016 WL 1122065 (N.D.N.Y. Mar. 22, 2016); *Rusin v. Berryhill*, 726 F. App'x 837, 840-41 (2d Cir. 2018) (an ALJ is entitled to consider inconsistencies between a claimant's allegations of disability and his or her activities of daily living, and is not required to accept his or her subjective complaints of pain without question.).

ALJ Weir's decision includes a thorough discussion of his credibility finding. Specifically, ALJ Weir notes the dramatic disparity between Plaintiff's reporting on his symptoms in the context of his disability application and relative to his reporting to treating sources. T. 317. Plaintiff testified he has frequent diarrhea and experiences daily episodes of soiling himself;

however, treatment notes document that Plaintiff often presented without complaints of any kind, was frequently noted not to have any gastrointestinal complaints, and on several occasions expressly denied any diarrhea. T. 317-18 *referring to* T. 146, 151, 318, *et al.* Notably, upon his review of the entire medical record, spanning ten years, ALJ Weir noted there is not a single mention of multiple daily bouts of uncontrolled diarrhea. T. 318.

Moreover, ALJ Weir reasoned that Plaintiff has made inconsistent statements concerning his level of activity, which further undermines his credibility. Specifically, Plaintiff reported a very limited range of activities in the context of his disability application, but reported to treating sources that he is able to do activities of daily living without any effort (T. 469) and that he had been caring for his mother "almost 24 hours" per day (T. 473, 540). T. 318.

Finally, ALJ Weir noted Plaintiff's poor work record, which is not explained by any alleged impairment. T. 318. Instead, Plaintiff testified he had not worked because he was lazy and "addicted to the streets." *Id.* Plaintiff later testified that he was not lazy, but had not worked due to his lack of energy, though he had admitted that his fatigue was at least in part due to his daily use of marijuana. *Id.*

As ALJ Weir thoroughly established in his decision, Plaintiff's statements regarding his activities of daily living were inconsistent with the otherwise severe limitations he claimed

15

to have. Accordingly, the Court finds ALJ Weir properly assessed Plaintiff's activities of daily living.

For the reasons set forth above, the Court finds no error in ALJ Weir's finding that Plaintiff was less than fully credible. The Court accordingly finds that remand is not warranted on this basis.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 8) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 10) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**


                                S/Michael A. Telesca
                              _____
                              HONORABLE MICHAEL A. TELESCA
                              United States District Judge

Dated:    November 26, 2018
           Rochester, New York